Filed 1/12/16  P. v. Ezra CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068106 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF33852) |
| MARCOS EZRA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Imperial County, Poli Flores, Jr., Judge.  Affirmed.

Law Office of Johanna S. Schiavoni and Johanna S. Schiavoni, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Marcos Ezra's appointed appellate counsel has filed a brief asking this court to independently review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In September 2014 an Imperial County grand jury indictment charged Ezra with the felony offense of willfully and unlawfully possessing a dirk or dagger while confined in a California penal institution (Pen. Code, § 4502, subd. (a)).

On April 16, 2015, Ezra─assisted by counsel─initialed and signed a guilty/no contest plea form indicating he was entering a plea of no contest to an amended count (count 1) of unlawful possession of weapon stock in violation of Penal Code section 4502, subdivision (b), and admitting an allegation he had suffered a strike prior (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).[1]  Ezra also waived his right to raise on appeal "issues related to strike priors (under [Penal Code] sections 667[, subdivisions] (b)-(i) and 1170.12)" and "any sentence stipulated herein."

The trial court accepted Ezra's plea after finding that Ezra understood his constitutional rights and voluntarily waived them, that his plea and admission were freely and voluntarily made, that he understood the nature of the charges and the consequences of his plea and his admission, and that there was a factual basis for the admission.  The plea agreement contemplated a sentence of 32 months in state prison, consisting of the low term of 16 months doubled to 32 months under the Three Strikes law as a result of Ezra's admitted prior murder conviction, which he would serve consecutively to his current custodial sentence on a prior conviction.

---

1      The record indicates Ezra's admitted prior strike was a murder conviction (Pen. Code, § 187, subd. (a)) dated February 10, 1999, in Orange County Superior Court case No. 97SF1109.

On May 14, 2015, pursuant to the terms of the plea agreement, the court sentenced Ezra to 32 months in state prison to be served consecutively to the prison term he was then serving.

Ezra timely filed a notice of appeal the next day, stating the appeal was based upon matters occurring after the plea that do not affect the validity of the plea. Ezra did not request a certificate of probable cause pursuant to Penal Code section 1237.5.

DISCUSSION

Ezra's appellate counsel has filed a brief pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), summarizing the proceedings below and indicating she was unable to find any reasonably arguable issues for reversal or modification of the judgment on appeal. Ezra's counsel has identified one possible, but not arguable, issue under *Anders* that she inartfully identifies as follows: "Is the [s]entence [a]ppealable?"

We granted Ezra permission to file a brief on his own behalf. He has not responded.

We have independently reviewed the record under *Wende* and considered the possible issue of the propriety of the sentence identified by Ezra's counsel. We have found no reasonably arguable issues for reversal or modification of the judgment. Accordingly, we affirm the judgment. Ezra's appellate counsel has competently represented him in this appeal.

3

DISPOSITION

The judgment is affirmed.


NARES, J.

WE CONCUR:


HUFFMAN, Acting P. J.


O'ROURKE, J.

4